UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRENE MALAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2543-JAR |
| | ) |
| BENEFIT ADMINISTRATIVE SYSTEMS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Benefit Administrative Systems' ("BAS") Motion to Set Aside Default. (Doc. 13.) The motion is fully briefed and ready for disposition. (Docs. 14, 15.) For the following reasons, the motion will be granted.

**Background**

This case concerns the denial of medical benefit coverage for an emergency surgery to remove Plaintiff Irene Malan's gallbladder. Plaintiff alleges the following in her complaint (Doc. 1): On May 18, 2016, she was admitted to the hospital for acute gallbladder inflammation. Two days later, her gallbladder was removed. On June 22, 2016, a little more than a month after the surgery, Plaintiff went to the emergency room for severe abdominal pain. She was diagnosed with sepsis related to the gallbladder surgery, treated with antibiotics, and sent home. On July 11, 2016, Plaintiff returned to the emergency room with severe abdominal pain. A CT scan showed a peritoneal abscess and sepsis. Doctors performed emergency surgery to drain the abscess and remove infected tissue. During the procedure, doctors also removed a previously installed lap band system, which had become infected following the gallbladder surgery.

Plaintiff's benefits claim for the second surgery was denied under plan language that excluded coverage for charges related to the "care, treatment, surgery, any drugs or supplies that are primarily for obesity, weight reduction or dietary control." (Doc. 1 at ¶ 19.) Plaintiff's surgeon wrote a letter to BAS, representing that the lap band removal was a medical necessity after it became infected following the unrelated gallbladder removal. On this basis, Plaintiff argues that the surgery was a result of the gallbladder surgery, not the lap band system, and that therefore Defendants improperly denied her claim.

On October 9, 2017, Plaintiff filed suit against her employer Solon Gershman, Inc., and BAS, which acted as a third-party administrator of the Solon Gershman employee health insurance plan. (Doc. 1.) On October 13, 2017, a request for waiver of service summons was delivered by certified mail to BAS. (Doc. 14 at 1.) When BAS did not timely respond, Plaintiff sent an alias summons, which was delivered to BAS on November 30, 2017. (*Id.*) On January 3, 2018, the Clerk entered a default against BAS. (Doc. 11.) It was not until March 29, 2018—more than five months after Plaintiff filed her complaint and nearly three months after the entry of default—that BAS's counsel entered his appearance and filed this motion to set aside default. (Docs. 12, 13.)

BAS asks the Court to set aside the default, representing that its delay in responding was the result of an internal administrative oversight and that allowing the case to proceed would not prejudice Plaintiff. (Doc. 13.) Likewise, BAS asserts that it has a meritorious defense—it lacks sufficient authority to be liable for the denial of Plaintiff's medical claim. (*Id.*) Plaintiff responds that BAS failed to respond not once but twice—to the request for waiver of service and to the alias summons. (Doc. 14.) That said, Plaintiff has not sought a formal order of default. Instead, Plaintiff responds that, if the Court grants BAS's motion to set aside the default, it

2

should also accept BAS's claim that it lacked sufficient authority as a judicial admission that triggers a lower de novo standard of review applied to the denial of her claims. (Doc. 14.) In its reply, BAS notes that it must prove its affirmative defense before the Court adopts a de novo standard and that the judicial admission Plaintiff proposes would actually relieve BAS of any liability. (Doc. 15.)

**Legal standard**

The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. *See United States on behalf of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir.1993). A court may set aside a default that was the result of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 55(c), 60(b). When determining whether neglect is excusable, courts consider "the danger of prejudice to the [movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

**Discussion**

BAS asserts that Plaintiff's waiver request and alias summons were both received by lower-level personnel who failed to promptly forward the documents to upper-level management. (Doc. 13 at 2.) The Court finds the significant passage of time between the filing of Plaintiff's complaint and BAS's response concerning but accepts BAS's representation and concludes that the oversight is excusable. Plaintiff fails to allege any concrete prejudice and the Court notes that the only filing in this case—other than Plaintiff's complaint—relates to BAS's

default.  Likewise, there has been no procedural or judicial action which might be upset by setting aside the default.  Both Plaintiff and BAS appear to the Court to be acting in good faith.

The Court further concludes that it would be premature to grant Plaintiff's request that the Court treat BAS's proposed defense as a judicial admission.  Plaintiff may assert the argument at a later time if the issue is presented.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Benefit Administrative Systems' ("BAS") Motion to Set Aside Default (Doc. 13), is **GRANTED.**

Dated this 20th Day of June, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE